JONES *et al.*, receivers, *v.* PEEPLES.

BECK, J. Where a petition by an intervenor shows that a railroad company executed to a bank, as trustee for certain designated beneficiaries, a first mortgage or deed of trust which covered the line of railroad, equipment, property, and franchises of the company, and was made to secure the payment of bonds issued by the company, bearing even date with the mortgage, that the trustee filed its suit in the superior court to foreclose the mortgage, and that the railroad company is indebted to the intervenor, who is agent for fire-insurance companies, upon a note for premiums upon policies issued, after the date of the mortgage, by the companies represented by him; and he prays that a lien in his favor be established for the amount of his debt against the property of the railroad company, and that the receivers of this property, appointed under the foreclosure proceedings, be directed to pay to him the amount of his debt; and where upon the hearing of this intervention evidence is introduced showing that the note to the intervenor was given for premiums on fire-insurance policies covering the property of the railroad company, including depots, section-houses, etc., that certain losses have been paid under these policies on account of the destruction by fire of property covered by them, and other claims for losses are still pending, and that the note represents the railroad company's indebtedness to the intervenor, he having advanced to the insurance companies their part of the premiums:—a judgment by the court, to whom the

case is submitted without a jury, that the trustees and their successors apply to the payment of the note whatever available funds they as trustees have on hand, and whatever money shall be derived from the monthly income of the railroad company over and above its running expenses, until the note shall have been paid in full, and that if a sale of the properties of the railroad company be made before the note shall have been fully paid in the manner specified, then the balance due on the note be paid immediately out of the funds arising from the sale of the property, and further that the claim of the intervenor be a first lien on the income and assets of the railroad company, and as such have priority over the lien of the first-mortgage bondholders, is contrary to law and evidence, although it is provided in the mortgage or deed of trust that the property of the railroad company shall be kept insured. Premiums on policies of fire insurance, issued under the circumstances above stated, were not a lien upon the property of the company under the provisions of section 2795 of the Code of 1910, creating a lien in favor of persons furnishing material, supplies, or other necessary articles to a railroad company.

*Judgment reversed. All the Justices concur.*
JUNE 14, 1916.

Intervention.    Before Judge Thomas.    Lowndes superior court. July 24, 1915.

*E. K. Wilcox* and *Woodward & Smith,* for plaintiffs in error.
*Whitaker & Dukes,* contra.